Kevin BUIE, Petitioner–Appellant,

v.

William E. PHILLIPS, Superintendent of Green Haven Correctional Facility, Attorney General Andrew Cuomo,

N.Y. Attorney General,[1] Respondents–Appellees.

No. 06–4119–PR.

United States Court of Appeals, Second Circuit.

Oct. 29, 2008.

Amy Irene Donner (Steven Banks, on the brief), The Legal Aid Society, New York, N.Y., for Appellant.

Rither Alabre, Assistant District Attorney (Robert T. Johnson, District Attorney, Bronx County, on the brief, Joseph N. Ferdenzi and Yael V. Levy, Assistant District Attorneys, of counsel), Bronx, N.Y., for Appellees.

Present: WILFRED FEINBERG, ROSEMARY S. POOLER, RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is AFFIRMED.

Petitioner Kevin Buie appeals an August 3, 2006 decision and order of the District Court denying his motion for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 12, 1993, after a

---

1. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Andrew Cuomo is automatically substituted for former Attorney General Eliot Spitzer as respondent in this case.

jury trial in New York Supreme Court, Bronx County, Buie was convicted of three counts of murder in the second degree, attempted murder in the second degree, and robbery in the first degree. The issue raised on this appeal is whether the trial court violated Buie's Sixth Amendment Confrontation Clause rights when it prohibited his trial counsel from questioning the lead investigator in the case, Detective Michael O'Brien, about police reports containing statements from two witnesses other than the State's eyewitness. The trial court precluded defense counsel's questions on the ground that they called for hearsay. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's denial of a petition for a writ of habeas corpus de novo. *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir.2006). We will grant relief on a claim that was adjudicated on the merits by the state courts only if the state courts' rejection of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). "Clearly established Federal law" "refers to the holdings ... of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

A defendant's right to cross-examination "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). A defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* at 302, 93 S.Ct. 1038. "[T]rial judges retain wide latitude ... to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). However, "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Chambers*, 410 U.S. at 302, 93 S.Ct. 1038.

Natasha Hyndman was the state's sole identification witness at trial. Hyndman testified that Buie was the shooter. Buie argues that the trial court should have allowed him to cross-examine Detective O'Brien on the fact that the police knew that other witnesses had given different descriptions of the shooter. Petitioner does not contend that the descriptions of the shooter by these other witnesses were not hearsay or were admissible under any specific exception to the hearsay rules. *See Buie v. Phillips*, No. 03 Civ. 7965, 2006 WL 2291013, at *3 (S.D.N.Y. Aug. 3, 2006) (concluding that the excluded statements were properly excluded as hearsay that lacked "circumstantial guarantees of trustworthiness" and did not fall under any hearsay exception). Rather petitioner argues that the prosecutor opened the door to the statements during direct examination of the detective, when the court permitted the detective to testify that Hyndman was the "only witness" the police had at that time. Petitioner argues that cross-examination on this topic would have allowed him to discredit the quality of the police investigation. *See Kyles v. Whitley*, 514 U.S. 419, 446–47, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

The state court's interest in preventing the jury from exposure to potentially misleading hearsay must be assessed against

petitioner's interest in presenting his defense of insufficient police investigation. *See Rock v. Arkansas,* 483 U.S. 44, 56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). The trial court concluded that the descriptions of the shooter in the police reports lacked reliability. Detective O'Brien, the witness through whom petitioner sought to introduce the statements, was not the officer who had transcribed the reports. The first report, of a statement by Robin Scott, provided no basis from which to conclude that Scott had personally witnessed the shooting, and indicated that Scott was medicated and distraught at the time. The second report, of a statement by Lisa Dortch, was unreliable because Dortch could not have clearly seen the shooter from her sixth floor apartment in the middle of the night. Moreover, neither Scott nor Dortch claimed to have actually seen the shooting.[2] The trial court's factual findings are entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1).

The hearsay rule, as applied here, was neither "arbitrary" nor "disproportionate to the purposes [it is] designed to serve" of ensuring the reliability of evidence presented at trial. *Rock,* 483 U.S. at 56, 107 S.Ct. 2704. No clearly established federal rule guaranteed petitioner an unfettered right to introduction of hearsay testimony bearing no assurance of reliability. *Cf. Chambers,* 410 U.S. at 302, 93 S.Ct. 1038 (state could not arbitrarily exclude exculpatory hearsay testimony which bore "assurances of trustworthiness" including corroboration by other evidence).

■ Assuming, arguendo, that the "opening the door" doctrine applied here to justify the admission of otherwise inadmissible hearsay evidence, the only testimony admissible to counter the purportedly misleading statement would have been the fact that detectives interviewed other individuals regarding the crime, not the contents of those individuals' statements. Buie was able to introduce evidence at trial that another police officer had questioned Scott after the shooting, and that Detective O'Brien had not questioned any witness other than Hyndman. Additionally, Buie was able to cross examine Detective O'Brien regarding the failure of the investigators to submit items found at the scene of the crime for fingerprinting. Thus, Buie had an opportunity to present his claim that the police investigation was insufficient; he simply could not introduce the hearsay statements.

The state court did not render a decision that had an "increment of incorrectness beyond error" in its application of clearly established federal law to preclude cross-examination that would elicit the hearsay descriptions of the shooter. *Hawkins,* 460 F.3d at 243 (quotation marks omitted). Thus, we do not reach the issue of harmless error.

Accordingly, the judgment of the district court hereby is AFFIRMED.

---

2. At the time of trial, neither Scott nor Dortsch could be found.